## Scabis v. Nobel

*E. D. Brown* and *A. E. Jones, Jr.,* for plaintiff.

*Henderson, Parshall & Crow,* for defendant.

*Higbee, Lewellyn & Higbee,* for additional defendant.

CARR, P. J., November 20, 1947.—Preliminary objections here filed by an additional defendant raise

questions of the procedure adopted by original defendant to join him, and also of the correctness of the allegation that he is alone liable upon the cause of action declared upon.

The action is trespass against a possessor of land for activities thereon injuring the physical condition of adjoining land. Plaintiff, Angelo Scabis, is the owner of land in Redstone Township which he has used for a number of years as a truck garden. In his complaint he alleges that original defendant, Max Nobel, the owner of the adjoining land, maintained thereon a large ash and refuse dump, from the slopes of which, during the years 1943, 1944, 1945, and 1946, noxious materials slipped and slid upon his land, covering it to a depth of several inches and clogging the drains and water courses, thereby destroying his crops and making the land unfit for use.

The writ of summons and plaintiff's complaint were served upon original defendant on December 9, 1946. On December 31, 1946, he appeared by counsel, and on February 5, 1947, filed a præcipe for a writ to join Lee S. Ford as additional defendant which, however, was not issued until June 9, 1947, nor until that date did original defendant file his complaint. In the complaint original defendant avers that since May 31, 1945, additional defendant has owned and had exclusive possession of the land on which the dump was maintained, and that if the dump had not been added to by him since that date, no injury to the land of plaintiff would have resulted.

The contentions of additional defendant are that, since original defendant did not file a complaint at the time of filing the præcipe for the writ to join him, and the writ itself was not issued within 60 days after the service of plaintiff's complaint, jurisdiction was not obtained; and further, that since plaintiff claims for acts alleged to have been committed during each of the years 1943, 1944, 1945, and 1946, and original

defendant charges against additional defendant acts committed only after May 31, 1945, the allegation that the latter is alone liable upon plaintiff's cause of action is not conceivably correct.

It is true that Pa. R. C. P. 2252(*b*) provides that defendant shall file with the præcipe a complaint setting forth the facts necessary to establish the liability of additional defendant, but the filing of the complaint is not essential to the acquisition of jurisdiction over the person of additional defendant. It is the service of the writ which confers jurisdiction, and it seems clear that the only consequence of the failure to file the complaint with the præcipe or to serve it at the same time is that additional defendant cannot be required to answer until that is done. It is therefore immaterial that the rule was not strictly complied with: See Goodrich-Amram, §2254(*b*)-1.

Nor is there anything in the Rules of Civil Procedure which requires the writ to be issued or served within 60 days after the service of plaintiff's complaint. Under the terms of Pa. R. C. P. 2253 the action that must be taken within that time is the filing of a præcipe for a writ to join additional defendant. The præcipe having been filed within that period, the limitation is satisfied: Goodrich-Amram, §2253-1.

It may be, as plaintiff claims, that injury to his land occurred both before and after May 31, 1945, in which case the allegation that additional defendant is alone liable would, of course, be incorrect; but additional defendant would still be severally liable, and the original defendant would be entitled to join him upon that basis. When the facts pleaded would, if proved, sustain a finding of liability, either sole, or over, or joint, or several, joinder is permissible, even though the theory of liability be incorrectly averred. An averment of the nature of the liability for which joinder is sought is obviously a mere conclusion of law, having no controlling effect.